IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20224
Conference Calendar
_____


CHARLES VERNON POPHAM,

                                        Plaintiff-Appellant,

versus

NFN COUNTZ, Warden,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-95-223
- - - - - - - - - -
August 22, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Charles Popham appeals the dismissal of his 42 U.S.C. § 1983
suit in which he alleged that his health and safety were
endangered during a fire at the prison.  A district court may
dismiss an IFP complaint as frivolous under 28 U.S.C. § 1915(d)
if it lacks an arguable basis in law or fact.  Eason v. Thaler,
14 F.3d 8, 9 (5th Cir. 1994).

_____

     [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

This court reviews a prisoner's allegations challenging the conditions of his confinement under the "deliberate indifference" standard. Wilson v. Seiter, 501 U.S. 294, 303 (1991). A prison official acts with deliberate indifference under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994). Deliberate indifference to the serious medical needs of a prisoner "constitutes the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976)

Popham did not plead any facts raising an allegation that prison officials were deliberately indifferent to his health and safety. On the contrary, when faced with an emergency due to a fire, they acted promptly in evacuating Popham and the other prisoners in his cell-block. Popham then received treatment for smoke inhalation before being returned to his cell.

Therefore, the district court did not abuse its discretion in dismissing Popham's complaint as frivolous. See Eason, 14 F.3d at 9. Popham's appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

APPEAL DISMISSED. See 5th Cir. Rule 42.2.